UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
BARRY I. FREDERICKS,                                         :
:
       Plaintiff,                                            :
:      06 Civ. 966 (GEL)
  -against-                                                 :
:      **OPINION AND ORDER**
CHEMIPAL, LTD.,                                              :
:
       Defendant.                                            :
:
------------------------------------------------------------x
:
CHEMIPAL, LTD.,                                              :
:
       Third-Party Plaintiff,                                :
:
  -against-                                                 :
:
DERSHOWITZ, EIGER & ADELSON, P.C., and                       :
NATHAN Z. DERSHOWITZ,                                        :
:
       Third-Party Defendants.                               :
:
------------------------------------------------------------x

Barry I. Fredericks, Fort Lee, New Jersey, pro se, plaintiff.

Lawrence B. Goodman, New York, NY, and Thomas A. Torto, Law Office of Thomas Torto, New York, New York, for defendant and third-party plaintiff.

Daniela Klare Elliott & Nathan Z. Dershowitz, Dershowitz, Eiger & Adelson, P.C., New York, New York, for third-party defendants.

GERARD E. LYNCH, <u>District Judge</u>:

This three-party litigation began when plaintiff trial attorney Barry I. Fredericks ("Fredericks") sued for non-payment of what he claimed was a contingent fee owed to him by his former client, defendant Chemipal, Ltd. ("Chemipal"). Chemipal, in turn, impled its appellate attorney, Nathan Z. Dershowitz ("Dershowitz"), and his firm, Dershowitz, Eiger, & Adelson, P.C. ("DEA"), charging them with malpractice and breach of contract. In an Opinion and Order dated May 3, 2007, the Court granted Chemipal's motion for summary judgment on the grounds that the ambiguous fee agreement was to be construed in favor of the client. This rendered the third-party action moot.

Fredericks now moves for reconsideration of the May 3 Opinion and Order, and for leave to amend his complaint to add a claim for quantum meruit recovery for services allegedly performed after the period covered by the fee agreement. The motions will be denied.

## I. The Motion for Reconsideration

Local Civil Rule 6.3 for the Southern District of New York provides that parties may file motions for reconsideration of the Court's decisions, accompanied by memoranda that set forth "the matters or controlling decisions which counsel believes the court has overlooked." Reconsideration is appropriate "only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." <u>In re Salomon Winstar Litig.</u>, 02 Civ. 6171, 2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006). A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue. <u>EEOC v. Fed. Express Corp.</u>, 268 F.

Supp. 2d 192, 199 (E.D.N.Y. 2003) ("Under Local Rule 6.3, a party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)).

Fredericks does not claim that there has been an intervening change of controlling law, or that there is newly available evidence, or that this Court's prior opinion resulted in some form of manifest injustice. Rather, he simply makes a new argument. The New York state precedents holding that an attorney's retainer agreement is to be construed in favor of the client are inapplicable, he contends, because in this case the client was represented by counsel when the retainer agreement was negotiated.

Even if it were appropriate to consider a new argument of this kind in a motion to reconsider, it is without merit. In Shaw v. Manufacturers Hanover Trust Co., 68 N.Y.2d 172 (1986), the New York Court of Appeals stated that "it is essential that the terms of representation . . . be set down with clarity. And the onus is upon the lawyers who draft such agreements to do so." Id. at 179. While the negotiating advantage enjoyed by attorneys over their clients is certainly a basis for construing fee agreements in the clients' favor, Shaw's holding is also consistent with the fundamental principle of contract law that "ambiguities in a contractual instrument will be resolved *contra proferentem*, against the party who prepared or presented it." 151 West Associates v. Printsiples Fabric Corp., 61 N.Y.2d 732, 734 (1984). Fredericks offers no reason to believe that Shaw's holding is limited to unrepresented clients. The motion for reconsideration will thus be denied.

II.   **The Motion for Leave to Amend the Complaint**

Fredericks also seeks to amend his complaint to add a claim for quantum meruit recovery for services rendered at the appellate level.

The May 3 Opinion and Order noted that although no quantum meruit claim could be available for work at the trial level, because that work was covered by a valid contract, there remained a dispute between the parties as to whether Fredericks was entitled to a quantum meruit recovery for the services he claims to have performed in connection with the appeal. This dispute, however, arose not from the facts alleged in the complaint, but from the parties' filings relating to the motions resolved by the May 3 Opinion and Order. Fredericks's complaint made only a claim for breach of contract and never mentioned quantum meruit. (Fredericks Aff. Ex. B.) Accordingly, the May 3 Opinion and Order declined to address the viability of a quantum meruit claim until a motion for leave to amend the complaint was brought.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993). However, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983).

"In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block, 988 F.2d at 350. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide

a basis for a district court to deny the right to amend." State Teachers Retirement Board v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).

The Second Circuit has made clear that a proposed amendment is "especially prejudicial" when discovery has concluded and a motions for summary judgment has already been filed. Ansam Assoc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir.1985). If leave to amend were granted in this case, Chemipal would be required to expend significant additional resources, because discovery in this case has been closed for many months. The case as originally framed is near resolution; but for the present motions, final judgment would already have issued. Plaintiff's new theory of the case would essentially require starting from scratch. Significant additional discovery would be inevitable, because the new claim concerns the scope of services allegedly provided in an entirely different time-period than the services at issue in the original complaint. See Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998) (affirming a finding of prejudice where the "case was near resolution and discovery had been completed").

Moreover, Fredericks's motion for leave to amend offers no explanation for his delay in bringing the quantum meruit claim. Indeed, he has already made clear that the decision to wait before bringing such a claim was purely strategic, stating in his opposition to summary judgment that he might bring a quantum meruit claim "[i]f the need arises." (Fredericks Mem. Opp. Summ. J. 9. The court has discretion to deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties." Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000) (citations and quotation marks omitted). In light of the prejudice that would arise if Fredericks were allowed to

5

assert a new claim at this late point in the litigation, and his failure to offer any legitimate reason for the delay in asserting that claim, leave to amend will be denied.

**III.   Request for Release of Funds From Escrow Account**

Finally, a procedural matter must be addressed.  Prior to filing a response to Fredericks's motions, Chemipal submitted to the Court a proposed order directing the release from escrow of funds held pending the outcome of this litigation.  (See Letter from Larry A. Goodman, Esq., to the Court, dated June 8, 2007.)  Fredericks responded with a letter contending that the assets held in escrow are "the only assets which the defendant has within the United States," and asking that "the status quo not be disturbed."  (Letter from Barry I. Fredericks, Esq., to the Court, dated June 11, 2007.)  Chemipal's request for an order releasing the funds from escrow prior the resolution of the instant motions is mooted by this Opinion and Order, which will be followed by the entry of a judgment entitling Chemipal to the release of those funds.[1]

**CONCLUSION**

For the foregoing reasons, Fredericks's motions for reconsideration and for leave to amend (Doc. # 70) are denied.  Chemipal's request for an order directing the release from escrow

---

[1] Fredericks opposes the request, apparently contending that the funds should continue to be held in escrow because he intends to appeal from any unfavorable decision.  He does not, however, explicitly request a stay of proceedings to enforce this Court's judgment pending appeal.  See Fed. R. Civ. P. 62.  Nor does he discuss the factors that determine whether a stay pending appeal is merited, or offer evidence from which an analysis of those factors might be conducted.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (setting forth factors to be considered in assessing whether to stay an order pending appeal pursuant to Rule 62, including likelihood of success on the merits, irreparable injury absent a stay, injury to other interested parties, and "where the public interest lies").  If Fredericks's letter is meant as a request for a stay of proceedings to enforce the judgment pending appeal, therefore, it fails to make the showing required for such a stay to be granted.

of funds held pending the outcome of this litigation (see Letter from Larry A. Goodman, Esq., to the Court, dated June 8, 2007) is denied as moot.

SO ORDERED.

Dated: New York, New York
July 6, 2007

_____
GERARD E. LYNCH
United States District Judge